IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN THE MATTER OF:                                  Chapter 7
ANDRZEJ POWROZNIK,                                 Case No. 22-07859
          Debtor.                                  Judge A. Benjamin Goldgar

## NOTICE OF MOTION
## PURSUANT TO FRBP 7037

TO:   See Service List

     PLEASE TAKE NOTICE that on March 31, 2023, at 11:00 a.m., I will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in that judge's place, either in courtroom 642 of the Everett McKinley Dirksen United States Courthouse, 192 S. Dearborn Street, Chicago, IL 60604, or electronically as described below, and present **MOTION PURSUANT TO FRCP 37 (MADE APPLICABLE BY FRBP 7037) AND LOCAL RULE 7037-1 TO COMPEL COMPLIANCE WITH RULE 2004 SUBPOENAS**, a copy of which is attached.

     **All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

     You may appear electronically by video or by telephone.

     **To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

     **To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

     **Meeting ID and password**. The meeting ID for this hearing is Meeting ID: 160 817 7512 and the password is 623389. The meeting ID and password can also be found on the judge's page on the court's web site.

     **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

     Respectfully submitted,
     MCQUILLAN LAW OFFICE LLC
     Attorney for Creditor Jeff Gerlick

     By: _____
               Kevin K. McQuillan

McQuillan Law Office LLC
1155 S. Washington St., Suite 202
Naperville, IL 60540
Ph: 630-355-5950
kevin@mcq-law.com  ARDC No. 1869825

## CERTIFICATE OF SERVICE

I, Kevin K. McQuillan, certify that I served a copy of this notice and the attached motion on each entity shown on the following list at the address shown and by the method indicated on the list on March 24, 2023.

_____

Kevin K. McQuillan

## Service List

Debtor Andrzej Powroznik % David Freydin, Law Offices of David Freydin
 – Service via CM/ECF

Bankruptcy Trustee Ilene F. Goldstein
 - Service via CM/ECF

U.S. Trustee – Patrick S. Layng
 - Service via CM/ECF

Barbara Powroznik % Attorney Herman J. Marino
 -   Courtesy Service via email at Herman J. "Hank" Marino
    (hjmarino@marinolaw.net)

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF:<br>ANDRZEJ POWROZNIK,<br>Debtor. | Chapter 7<br>Case No. 22-07859<br>Judge A. Benjamin Goldgar |

**MOTION PURSUANT TO FRCP 37 (MADE APPLICABLE BY FRBP 7037) AND
LOCAL RULE 7037-1
TO COMPEL COMPLIANCE WITH RULE 2004 SUBPOENAS**

Now comes Creditor JEFF GERLICK, through his attorney, MCQUILLAN LAW

OFFICE LLC under Federal Rule of Bankruptcy Procedure 7037, moves this Court for the

entry of an order compelling Debtor, and his wife, Barbara Powroznik, to comply with Rule

2004 Subpoenas, and states:

Statement Pursuant to Local Rule 7037-1 A.

1.      After consultation by telephone and Zoom, and after good faith attempts to resolve

differences, the parties are unable to reach an accord[1]:

> a.      On December 13, 2022, at approximately 12:40 pm, following the partial Zoom deposition of Debtor, counsel Kevin K. McQuillan for Creditor and David Freydin for Debtor spoke while still on Zoom regarding Debtor's failure to comply with the document production of the Subpoena, which is summarized in Exhibit A.
> b.      On February 20, 2023, at approximately 3:00 pm, Kevin K. McQuillan, counsel for Creditor, held a telephone conference with counsel for Barbara Powroznik about discovery deficiencies and the lack of any date for her deposition. This was confirmed in an email minutes after the conversation. (Exhibit B).
> c.      There were numerous communications before and after by email regarding the discovery which are cited to below.

---

[1] References to "I" are to Kevin K. McQuillan, counsel for Creditor.

2.      On March 24, 2023, at 1:30 pm I had a cordial conversation with David Freydin, counsel for Debtor. The upshot was that a Motion to Compel would be necessary not due to any issues on Mr. Freydin's part.

Discovery and Responses – per Local Rule 7031-1 B.

Debtor

3.      Attached as Exhibit C is the Rule 2004 Subpoena to Debtor. The Rider at issue is the fourth page. The order granting the motion to conduct such discovery is the last page.

4.      Exhibit D is his response. He produced one bank statement for the period 7/7/22-8/3/22, incomplete tax returns for only 5 years, his passport and driver's license.

5.      Exhibit E is my email to counsel regarding the deficiencies in the responses. A few of the missing attachments to the tax returns were produced. (Exhibit F).

6.      Exhibit A above was another email to counsel about the deficiencies and another is attached with Exhibit J referenced below.

Debtor's Wife, Barbara Powroznik

7.      Exhibit G is the Rule 2004 Subpoena to Debtor's wife, Rider at fourth page. While she has not responded to the Subpoena, she has responded albeit incompletely to a similar request to produce issued in a fraudulent transfer action in Lake County Circuit Court, 22CH 130. In that case her responses were deficient and are the subject of a motion to compel before the Lake County Circuit Court. That discovery response is attached as Exhibit H and correlates to paragraphs 1-2 and 8-21 of the Subpoena Rider. Attached as I is Creditor's counsel's email itemizing in detail the deficiencies, paragraph by paragraph, most of which remain to this day.

<u>Trustee's Requests to Debtor</u>

8.      At the 341 meeting on August 11, 2022, after examination of the Debtor by the

Trustee and counsel for debtor the Trustee requested, and counsel for Debtor agreed to produce to

the Trustee all information regarding:

> a.      the "family trust" he was part of and his Revocable Trust, both disclosed
> for the   first time during the 341;
> b.      his tax returns for the last five years;
> c.      the last two years of his bank accounts;
> d.      the closing documents regarding the Northbrook home; and
> e.      any money he used to improve the Northbrook home and the Lake Forest

home.

9.      Paragraphs 3-7 of the Rider to the Rule 2004 Subpoena also covered subparagraphs

a, and c-e above.

10.     While Debtor has produced nothing to the Trustee, as noted above some incomplete

tax returns have been produced.  The Trustee is following Creditor's attempts to obtain compliance

with the subpoena and confirmed she was interested in compliance. See Exhibit J.

<u>Summary of Issues</u>

11.     The following is provided to put the Subpoena requests in context.

12.     Creditor Jeff Gerlick obtained a judgment on November 2, 2015, in the Circuit

Court of Cook County, which was affirmed on appeal.

13.     The judgment was against Debtor for breach of contract and a mechanics lien for

Debtor and his daughter's failure to pay for installation of an inground pool at their residence in

Northbrook, Il. The Debtor had personally improved that property with the pool, a second floor

addition, new tennis courts and landscaping including extensive hardscaping for the driveways,

patio, etc. to the extent that it sold for $1,800,000 dollars.

14.    Debtor, his daughter, and his wife Barbara went through a series of machinations[2] and shell companies in an attempt to protect that property from enforcement of the judgment against Debtor. Then the wife (who had no apparent ownership of the house) became involved with (1) the sale of that house for $1,800,000, trying to shelter the income from that sale and (2) the purchase of a new home in Lake Forest, IL titled and mortgaged in her name only when she had no visible means of income. Throughout all this Debtor and his wife lived continuously as man and wife in the multi-million dollar home and then the Lake Forest home, while on paper Debtor and his wife had no ability to have purchased either residence or paid the household expenses or for improvements.

15.    When Creditor Gerlick started enforcement proceedings Debtor filed this Bankruptcy.

16.    The following from the state court proceeding filed by the wife summarizes why the discovery is needed:

> In addition, she is expected to testify as to all facts relating to any of the following: Ownership of 791 Hunter Lane, Lake Forest, Illinois ("791 Hunter Lane"); any issues pertaining to the sale/purchase, financing and closing of 791 Hunter Lane; sources of payment for improvements to 791 Hunter Lane; sources of payment for purchase of 791 Hunter Lane.
>
> In addition she may testify as to all facts relating to any of the following: Ownership of 661 Driftwood, Northbrook, Illinois ("661 Driftwood"); any issues pertaining to the sale/purchase, financing and closing of 661 Driftwood; Sources of payment made to Gerlick; sources of payment for improvements to 661 Driftwood, Northbrook, Illinois; sources of payment for purchase of 661 Driftwood; any issues pertaining to Barbara's trusts, or the following entities: 661 MP LLC M and 661 MP LLC T; and all issues as to how title to 661 Driftwood was obtained; and all document sought by Barbara from Plaintiff in her request to produce upon Plaintiff; and any documents produced by Barbara to Plaintiff.
>
> a.   Defendant Andrew Powroznik.

---

[2] The daughter filed for Bankruptcy in 2014. Debtor had previously filed for Bankruptcy in 1997 (97-36865). Purported Trusts were attempted.

In addition, he is expected to testify as to all facts relating to any of the following: Ownership of 791 Hunter Lance, Lake Forest, Illinois ("791 Hunter Lane"); any issues pertaining to the sale/purchase, financing and closing of 791 Hunter Lance; sources of a payment for improvements to 791 Hunter Lane; sources of payment for purchase of 791 Hunter Lane.

In addition he may testify as to all facts relating to any of the following: Ownership of 661 Driftwood, Northbrook, Illinois (661 Driftwood"); any issues pertaining to the sale/purchase, financing and closing of 661 Driftwood; Sources of payment made to Gerlick; sources of a payment for improvements to 661 Driftwood, Northbrook, Illinois; sources of payment for purchase of 661 Driftwood; any issues pertaining to Barbara's trusts, or the following entities: 661 MP LLC Mand 661 MP LLCT; and all issues as to how title to 661 Driftwood was obtained; and al document sought by Barbara from Plaintiff in her result to produce upon Plaintiff; and any documents produced by Barbara to Plaintiff.

Exhibit K..

17.    All either has produced related to such testimony is the closing statement for the Driftwood property and an unsigned trust purporting to be that of the wife. None of these support the allegations above, even though specifically requested, e.g., Requests ¶¶ 3; 6-7; 12-18; and 26 -31. (See Exhibits C and G). Exacerbating such conduct, counsel for Barbara represented them at the closing and in preparation of the trust, yet nothing else related has been forthcoming.

18.    In addition, Debtor has produced nothing to support his claimed debts in his schedules and therefore this matter appears to be a two party matter, involving only Debtor and his debt to Creditor Gerlick, filed only to obtain the automatic stay to delay payment.

WHEREFORE, Creditor JEFF GERLICK respectfully requests that this Court enter an order:

A.  Compelling Debtor and Barbara Powroznik to comply with the Subpoenas fully and completely,

B.  To appear for their depositions within 30 days after such compliance, and

C.  For such other relief the Court deems appropriate.

Respectfully submitted,
MCQUILLAN LAW OFFICE LLC
Attorney for Creditor Jeff Gerlick

By: _____
Kevin K. McQuillan

McQuillan Law Office LLC
1155 S. Washington St., Suite 202
Naperville, IL 60540
Ph: 630-355-5950
kevin@mcq-law.com
ARDC No. 1869825

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF: | Chapter 7 |
| ANDRZEJ POWROZNIK, | Case No. 22-07859 |
| Debtor. | Judge A. Benjamin Goldgar |

**ORDER GRANTING MOTION PURSUANT TO FRCP 37 (MADE APPLICABLE
BY FRBP 7037) AND LOCAL RULE 7037-1
TO COMPEL COMPLIANCE WITH RULE 2004 SUBPOENAS**

This matter coming before the court on the motion of Jeff Gerlick to compel compliance with Rule 2004 Subpoenas, due notice having been given, and the court being fully advised, IT IS HEREBY ORDERED:

The motion is granted. Debtor Andrzej Powroznik and Barbara Powroznik shall fully comply with the Subpoenas by April 28, 2023 and appear for their depositions by May 26, 2023.

ENTER:

Honorable A. Benjamin Goldgar
United States Bankruptcy Judge

Dated: March 31, 2023.

McQuillan Law Office LLC
1155 S. Washington St., Suite 202
Naperville, IL 60540
Ph: 630-355-5950
kevin@mcq-law.com
Attorney No. 204224

# EXHIBIT A

**kevin@mcq-law.com**

| | |
|---|---|
| **From:** | kevin@mcq-law.com |
| **Sent:** | Monday, February 27, 2023 6:10 PM |
| **To:** | 'David Freydin' |
| **Subject:** | Powroznik Bankruptcy |
| **Attachments:** | Gerlick v. Powroznik |

**Importance:**          High

David:

At the first part of Andy's deposition on December 13, 2022, you and your client indicated the following:

- You would send me a copy of his credit report – not done.
- He testified numerous times that records he needed to testify were back at his house (he was sitting in his car at a rest stop driving out east)
  - These include the records requested previously and detailed in my December 6, 2022, email (copy attached).

Nothing additional has been provided since the dep.

In reviewing his Petition he lists specific credit card numbers, dates opened and closed, and amounts, yet he produced nothing to support that information.

Also, as to his PNC account listed on his Petition, he produced nothing on that account. He only produced a few months of a PNC "Virtual Wallet Spend Statement" – Did not cover period requested.

The deposition could not be concluded as Mr. Powroznik's cell phone battery expired and he was disconnected from the Zoom proceeding.

This week 2e need to get the documents and at least set a date for the conclusion of Mr. Powroznik's dep. Otherwise I will have no choice but to file a motion to be heard on March 10, 2023.

I have been extremely patient but can not let him drag this matter out any longer.

If your client won't comply I will have no choice but to file an Adversary requesting his discharge as to my client be barred and/or any discharge be denied.

*Kevin*

**Kevin K. McQuillan**
*McQuillan Law Office LLC*
1155 S. Washington St., Suite 202, Naperville, IL 60540
☎ Phone 630.355.5950 | Fax 630.596.0862 | ✉ kevin@mcq-law.com | 🌐 http://www.mcq-law.com

*Síochána trí Cheartas* – Peace through Justice



1

# EXHIBIT B

**From:**          kevin@mcq-law.com
**Sent:**           Monday, February 20, 2023 3:34 PM
**To:**            'Herman Marino'
**Subject:**        RE: Gerlick v. Powroznik

Hank – thank you for your call to get both the matters back on track. You indicated you would talk to your client about how far back she could request her bank, credit card and other records she only produced a few of and try and get her and her husband to do so. As we also discussed, if any issue with them, please let me know ASAP so I can bring a motion before the courts.

We also agreed I would draft a proposed amended scheduling order for the Lake County case and send it to you for your review.

You also agreed to provide me with multiple dates for her Lake County dep and her Rule 2004 exam as those may need to be kept separate.

Thanks.

*Kevin*

**Kevin K. McQuillan**
*McQuillan Law Office LLC*
1155 S. Washington St., Suite 202, Naperville, IL 60540
☎ Phone 630.355.5950 | Fax 630.596.0862 | ✉ kevin@mcq-law.com | 🌐 http://www.mcq-law.com

Síochána tri Cheartas – Peace through Justice



*This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. This communication does not form any contractual obligation on behalf of the sender or McQuillan Law Office LLC or establish an attorney-client relationship that has not been memorialized in a written Fee Agreement fully executed by all parties to such Agreement.*

**From:** kevin@mcq-law.com
**Sent:** Monday, February 20, 2023 3:14 PM
**To:** 'Herman Marino' <hjmarino@marinolaw.net>
**Subject:** RE: Gerlick v. Powroznik
**Importance:** High

Hank – please see the email string below about the Lake County Case and the Bankruptcy case.
Please call me at your earliest convenience at 630-355-5950. Thank you.

*Kevin*

**Kevin K. McQuillan**
*McQuillan Law Office LLC*
1155 S. Washington St., Suite 202, Naperville, IL 60540

☎ Phone 630.355.5950 | Fax 630.596.0862 | ✉ kevin@mcq-law.com | 🌐 http://www.mcq-law.com

Síochána tri Cheartas – Peace through Justice



*This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. This communication does not form any contractual obligation on behalf of the sender or McQuillan Law Office LLC or establish an attorney-client relationship that has not been memorialized in a written Fee Agreement fully executed by all parties to such Agreement.*

**From:** kevin@mcq-law.com
**Sent:** Thursday, January 12, 2023 4:47 PM
**To:** 'Herman Marino' <hjmarino@marinolaw.net>
**Subject:** RE: Gerlick v. Powroznik

You agreed to accept service of the 2004 Subpoena for her.

*Kevin*

**Kevin K. McQuillan**
*McQuillan Law Office LLC*
1155 S. Washington St., Suite 202, Naperville, IL 60540
☎ Phone 630.355.5950 | Fax 630.596.0862 | ✉ kevin@mcq-law.com | 🌐 http://www.mcq-law.com

Síochána tri Cheartas – Peace through Justice



*This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. This communication does not form any contractual obligation on behalf of the sender or McQuillan Law Office LLC or establish an attorney-client relationship that has not been memorialized in a written Fee Agreement fully executed by all parties to such Agreement.*

**From:** Herman Marino <hjmarino@marinolaw.net>
**Sent:** Thursday, January 12, 2023 4:43 PM
**To:** kevin@mcq-law.com
**Subject:** RE: Gerlick v. Powroznik

I am on  jury trial from Jan 17 through Jan 23

Did you serve her with the 2004 subpoenas???

**From:** kevin@mcq-law.com <kevin@mcq-law.com>
**Sent:** Thursday, January 12, 2023 5:37 PM
**To:** Herman Marino <hjmarino@marinolaw.net>
**Subject:** RE: Gerlick v. Powroznik

I am open next week for her deposition in the Lake County matter – pick a date and time and I will do it by Zoom.

As to the 2004 exam, she needs to comply with the records portion of the subpoena at least 7 days prior to her deposition. Again I am open so pick a date and time and comply with the subpoena 7 days before the deposition.

Please tell me now if you are going to comply with the Rules and obtain and produce records she has access to such as bank records, credit card records, closing documents, etc.
If you are not I will bring the appropriate motions in both cases.

*Kevin*

**Kevin K. McQuillan**
*McQuillan Law Office LLC*
1155 S. Washington St., Suite 202, Naperville, IL 60540
☎ Phone 630.355.5950 | Fax 630.596.0862 | ✉ kevin@mcq-law.com | 🌐 http://www.mcq-law.com

Síocháña trí Cheartas – Peace through Justice



*This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. This communication does not form any contractual obligation on behalf of the sender or McQuillan Law Office LLC or establish an attorney-client relationship that has not been memorialized in a written Fee Agreement fully executed by all parties to such Agreement.*

**From:** Herman Marino <hjmarino@marinolaw.net>
**Sent:** Tuesday, December 13, 2022 9:44 AM
**To:** kevin@mcq-law.com
**Subject:** RE: Gerlick v. Powroznik

I received an email this morning from the client

She is out of town until January 8 and would need to reschedule her deposition for the week of January 16

Also, she has authorized me to represent her in the 2004 examination which you can schedule for the last two weeks of January.

**From:** kevin@mcq-law.com <kevin@mcq-law.com>
**Sent:** Monday, December 12, 2022 7:16 PM
**To:** Herman Marino <hjmarino@marinolaw.net>

**Subject:** RE: Gerlick v. Powroznik
**Importance:** High

Hank – is still way deficient. Are you producing Barbara for her deposition as noticed for 12/15? Is by Zoom – please confirm ASAP. Thanks.

*Kevin*

**Kevin K. McQuillan**
*McQuillan Law Office LLC*
1155 S. Washington St., Suite 202, Naperville, IL 60540
☎ Phone 630.355.5950 | Fax 630.596.0862 | ✉ kevin@mcq-law.com | 🌐 http://www.mcq-law.com

Síochána trí Cheartas – Peace through Justice

*This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. This communication does not form any contractual obligation on behalf of the sender or McQuillan Law Office LLC or establish an attorney-client relationship that has not been memorialized in a written Fee Agreement fully executed by all parties to such Agreement.*

**From:** Herman Marino <hjmarino@marinolaw.net>
**Sent:** Monday, December 12, 2022 3:02 PM
**To:** kevin@mcq-law.com
**Subject:** Gerlick v. Powroznik

Here is client's additional document production for 2017

Sincerely,



Hank Marino
Herman J. Marino, Ltd. P.C.

**FLORIDA ADDRESS:**

780 Fifth Avenue South, Suite 200
Naples, Florida. 34102

**ILLINOIS ADDRESS:**

205 North Michigan Avenue, Suite 810
Chicago, Illinois. 60601

312-347-9990/9991
312-347-9992 (F)

# EXHIBIT C

B2540 (Form 2540 – Subpoena for Rule 2004 Examination)

# UNITED STATES BANKRUPTCY COURT

__NORTHERN_____ District of _____ILLINOIS_____

In re ___ANDRZEJ POWROZNIK_____      Case No. _____22-07859_____
                        Debtor

                                                   Chapter _____7_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   ___ANDRZEJ POWROZNIK_____

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE<br>MCQUILLAN LAW OFFICE LLC<br>1155 S. Washington Street, Suite 202<br>Naperville, IL 60540 | DATE AND TIME<br>December 13, 2022 at 10:00 am |
|---|---|

The examination will be recorded by this method:  ___Court Reporter_____

☒ *Production:* You, or your representatives, must also produce by November 30, 2022 the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

_____  See attached RIDER TO SUBPOENA

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                 CLERK OF COURT

                                        OR

         _____          _____
          *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
 __JEFF GERLICK_____ , who issues or requests this subpoena, are:

Kevin K. McQuillan of McQuillan Law Office LLC, 1155 S. Washington, Suite 202, Naperville, IL 60540 kevin@mcq-law.com
630-355-5950

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**RIDER TO SUBPOENA**

SCHEDULE OF ITEMS TO BE PRODUCED

I.      DEFINITIONS AND INSTRUCTIONS:

   a. See attached DEFINITIONS AND INSTRUCTIONS, **especially as to compliance with electronic information**
   b. The "Period of Time" when used herein shall mean January 1, 2017, through the date of your deposition. Such limitation only applies to the specific category/paragraph in which it is used.

II. MATERIALS TO BE PRODUCED

   1.      Any and all information regarding all bank, money or other financial accounts, including but not limited to, bank statements and check ledgers, savings statements, brokerage statements, IRA/401K/503(b), SEP and SIMPLE statements in the name of subpoenaed person, or in which the subpoenaed person has an equitable or legal interest, including any accounts held jointly or for the benefit of or by/for a trust. For all such information, provide all identifying information for each of the accounts, including name(s), account numbers, and amount of money currently held in each account. Provide monthly statements for each said account for the Period of Time.

   2.      All documents relating to any payments for wages or services received by the subpoenaed person for the Period of Time.

   3.      All sources of the monies:
   a. For the purchase of your current residence
   b. For payment of:
      i. Any mortgages on that residence;
      ii. All utilities and household expenses for the residence;
      iii. any remodeling of and/or improvements to and/or additions to that residence.

   4.      An accounting of all your monthly expenses and the source of their payment.

   5.      Copies of all tax returns with all schedules and attachments for the Period of Time.

   6.      All documents regarding any trusts of which you have been a beneficiary and/or a trustee or in which you have or had an interest.

   7.      All documents relating to any remodeling of and/or improvements to and/or additions to 661 Driftwood, Northbrook, IL, including but not limited to landscaping, the driveway, a swimming pool, and the house itself. This includes the value/cost of the work itself and the source of the funds used to pay for such work, including details of any labor and materials.

8.      Records or reports of all distributions from any LLC, dividends from any corporation and/or loans from any LLC, corporation or other entity for the Period of Time.

9.      A complete list of all Safe Deposit Boxes and their contents, in which the subpoenaed person has or had an equitable or legal interest for the Period of Time.

10.     Any and all documents (a) relating to any loan from you to any entity or individual; or (b) relating to any money owed to you by anyone for any reason.

11.     Any and all documents relating to any transfers of property, whether personal, real or otherwise, from you to any entity or individual.

12.     Any and all documents relating to any entities in which you are or were a member, manager, stockholder, officer, director, partner, investor or have/had any interest, legal or equitable.

13.     All information regarding any and all real property held, bought, sold, transferred, exchanged, leased, deeded or otherwise acquired, lost or otherwise maintained a) by, or on behalf of the subpoenaed person, b) or to which the subpoenaed person has or had an equitable or legal interest in, or c) owned by any entity of which the subpoenaed person is a member, manager, stockholder, officer, director, partner, investor or has any interest, legal or equitable.

14.     Any and all documents relating to any attempts to sell, lease, or transfer, or the sale, lease, or transfer, of real property referred to in ¶ 8 above, including, but not limited to, documents relating to the listing for sale, offers to purchase, contracts to sell or the closing of any sale.

15.     Copies of any documents for the real property referred to in ¶ 8 above.

16.     Any and all communications and documents relating to any change in ownership relating to any real property referred to in ¶ 8 above.

17.     Any and all documents relating to any and all transfers of any and all property (personal, real or otherwise) to you or into trust for your benefit from any third party.

18.     An accounting of any amounts you may have received from the sale or disposition of any assets owned by you.

19.     All documents relating to any liens or security interests claimed in any of your assets.

20.     Any and all communications between you and any other individual or entity referring or relating to any turnover of assets from any third person or entity to you.

21.     Any and all documents relating to monies that you are or may be entitled to pursuant to any litigation proceeding or from a decedent, a decedent's estate or a decedent's or other trust.

22.     A list of all physical assets (i.e., computers, machinery, tools, jewelry, etc.) not in the nature of real estate, regardless of their present location, in which the subpoenaed person has an equitable or legal interest.

23.    Any and all communications between you and any other individual or entity referring or relating to any loans, mortgages, assets, debts or finances.

24.    A list of all your creditors, and any and all documents relating to or referring to any of your creditors, and/or concerning any and all communications between you and any creditor.

25.    A copy of your driver's license, passport, and social security card.

26.    All personal financial statements submitted by you to any individual or entity for the Period of Time.

27.    Copies of all credit and bank card/ATM cards and related statements for the Period of Time.

28.    Copies of all Bylaws, partnership agreements, member/manager agreements, and/or operating agreements where the subpoenaed person has been a party, a shareholder, manager, officer, member, director or a holder of any interest, legal or equitable.

29.    Copies of profit and loss statements, balance sheets, income statements, cash flows or other financial statements for yourself personally or jointly with another and any entities identified above.

30.    Any and all documents and communication relating to assets or distributions received from any corporations, partnerships, LLCs, sole proprietorships and/or any business entity.

31.    Any and all documents that relate to assets or bank accounts held by any entities identified above, including but not limited to, sole proprietorships, corporations, partnerships, LLCs and/or business entities in which you have or had an interest.

32.    Copies of any retainer agreements for legal services, any invoices issued for legal services, and copies of any drafts or electronic payments paid in exchange for legal services.

## INSTRUCTIONS AND DEFINITIONS

**PLEASE NOTE THAT THE TERM DOCUMENTS AS USED HEREIN INCLUDES THE TERM INFORMATION, AS USED IN A BROAD SENSE, AND INCLUDES ANYTHING THAT ONE MAY SEE, OR HEAR, OR GENERATE FROM A COMPUTER. IT INCLUDES PAPER RECORDS AS WELL AS COMPUTERIZED RECORDS AND ELECTRONIC MESSAGES, INCLUDING VOICE MAIL, TEXT MESSAGES AND E-MAIL FOR EXAMPLE.**

A. The words "document" and "documents" may mean any kind of written, printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts and both sides thereof, and including but not limited to: papers, books, periodicals, pamphlets, newspaper articles or clippings, publications, sheets, book entries, accounts, letters, photographs, objects, tangible things, correspondence, telegraphs, cables, telex messages, memoranda, notes, data notations, work-papers, confirmations, monthly statements, opinions, records, reports drawings, blueprints, sketches, models, summaries, plans, specifications, formulae, studies, forecasts, projections, analyses, evaluations, transcripts, minutes, reports and recordings of telephone or other conversations and of interviews and conferences, affidavits, statements, contracts, offers, orders, invoices, checks, drafts, vouchers, ledgers, journals, books or records of account, summaries of accounts, bills, receipts, balance sheets, income statements, questionnaires, answers to questionnaires, statistical records, desk calendars, appointment books, diaries, expense reports, schedules, lists, indexes, tabulations, calculations, charts, graphs, surveys, renderings, diagrams, photographs, recordings, films, microfilms, all other records or information kept by electronic,

photographic, mechanical or other means, and things similar to any of the foregoing however denominated, whether currently in existence or already destroyed.

B. The party shall produce original copies of all requested documents and all copies thereof that bear any mark or notation not present on the original. In all cases where originals or non-identical copies are not available, "document" or "documents" also mean identical copies of original documents and non-identical copies thereof.

C. With respect to any document responsive hereto as to which you wish to assert a claim or privilege, you shall submit a list identifying each such document by stating its date, its signer or signers if signed, each person who participated in its preparation, the addressee or addressees, the person or persons by whom it was received, the general subject matter thereof, the present or last known location and custodian of the original of the document (or, if that is unavailable, the most legible copy thereof), and the basis for your claim of privilege with respect thereto.

D. With respect to any document responsive hereto which was, but is no longer in your possession or subject to your control, you shall submit a statement setting forth as to each what disposition was made of it.

E. Documents and tangible things are to be produced separately, as far as reasonably practical, according to each of the numbered group of the documents produced the paragraph to which the group is responsive. If a document is responsive to more than one paragraph of this request, it need only be produced once.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   22-07859 |
| Andrzej Powroznik, | ) | |
| | ) | Chapter: 7 |
| | ) | |
| | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | Lake County |
| Debtor(s) | ) | |

**ORDER GRANTING MOTION FOR LEAVE TO CONDUCT RULE 2004 EXAMINATIONS**

This matter coming before the court on the motion of Jeff Gerlick for to conduct Rule 2004 examinations, due notice having been given, and the court being fully advised, IT IS HEREBY ORDERED:

The motion is granted. Jeff Gerlick may take the Rule 2004 examinations of Andrzej Powroznik and Barbara Powroznik.

Enter:

Honorable A. Benjamin Goldgar
United States Bankruptcy Judge

Dated:  October 28, 2022

# EXHIBIT D

## GENERAL OBJECTIONS

**A.**   Debtor objects to each of Creditor's interrogatories to the extent they call for answers or documents protected by the attorney-client privilege, work product doctrine, or any other privilege. Disclosure of any information protected from such disclosure by any and such privilege shall be deemed inadvertent and shall not constitute waiver of such privilege.

**B.**   Debtor objects to each of Creditor's interrogatories as harassing, overly broad, and unduly burdensome to the extent they call for information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**C.**   Debtor objects to each of Creditor's interrogatories to the extent they seek information that is not within the possession, custody or control of Debtor.

**D.**   Debtor objects to each of Creditor's interrogatories to the extent they seek information that already is in the possession, custody or control of Creditor or Creditor's attorneys.

**E.**   Debtor objects to each of Creditor's interrogatories on the grounds that they seek confidential and/or proprietary information, including financial information or the terms of settlement agreements, which should be subject to a protective order.

**F.**   Notwithstanding the objectionable nature of each of Creditor's interrogatories, Debtor's responses should not be construed as (1) a stipulation, concession, or acknowledgement that material is relevant, (2) a waiver of any general objection or specific objection, if any, asserted in response to any particular paragraph of Creditor's requests, or (3) an agreement or commitment that similar requests will be treated in a similar manner.

**G.**   Debtor reserves the right to assert additional objections and responses and to supplement these objections and responses as appropriate.

## MATERIALS TO BE PRODUCED

1. See Exhibit "A" for Debtor's bank statements. No other documents or information available. Debtor continues to investigate.
2. See Exhibit "B" for Debtor's tax returns; No other documents or information available. Debtor continues to investigate.
3. See Exhibits "A" and "B" No other documents or information available. Debtor continues to investigate

4. See Schedules I and J of the Debtor's bankruptcy petition. No other documents or information available. Debtor continues to investigate.
5. See Exhibit "B" for Debtor's tax returns. No other documents or information available. Debtor continues to investigate.
6. No documents or information available. Debtor continues to investigate.
7. No documents or information available. Debtor continues to investigate.
8. No documents or information available. Debtor continues to investigate.
9. No documents or information available. Debtor continues to investigate.
10. No documents or information available. Debtor continues to investigate.
11. No documents or information available. Debtor continues to investigate.
12. No documents or information available. Debtor continues to investigate.
13. No documents or information available. Debtor continues to investigate.
14. No documents or information available. Debtor continues to investigate.
15. No documents or information available. Debtor continues to investigate.
16. No documents or information available. Debtor continues to investigate.
17. No documents or information available. Debtor continues to investigate.
18. No documents or information available. Debtor continues to investigate.
19. No documents or information available. Debtor continues to investigate.
20. No documents or information available. Debtor continues to investigate.
21. No documents or information available. Debtor continues to investigate.
22. See Schedule A/B of the Debtor's bankruptcy petition; No other documents or information available. Debtor continues to investigate
23. No documents or information available. Debtor continues to investigate.
24. See Schedules D, E and F of the Debtor's bankruptcy petition. No other documents or information available. Debtor continues to investigate.
25. See Exhibit "C". No other documents or information available. Debtor continues to investigate.
26. No documents or information available. Debtor continues to investigate.
27. No documents or information available. Debtor continues to investigate.
28. No documents or information available. Debtor continues to investigate.
29. No documents or information available. Debtor continues to investigate.
30. No documents or information available. Debtor continues to investigate
31. No documents or information available. Debtor continues to investigate
32. See Debtor's Bankruptcy petition for a copy of the Legal Services Agreement; No other documents or information available. Debtor continues to investigate

# EXHIBIT E

**kevin@mcq-law.com**

| | |
|---|---|
| **From:** | kevin@mcq-law.com |
| **Sent:** | Tuesday, December 6, 2022 4:49 PM |
| **To:** | 'David Freydin' |
| **Subject:** | RE: FW: Bankruptcy of Andrzej Powroznik |

**Importance:**          High

David:

The Production Response is grossly deficient.

As you know, a party is to produce anything within his custody, possession or control. The case law makes it clear that this includes documents in possession of third-parties, including income tax returns, a party's attorney, banks and lending institutions, etc.

This would apply to Requests 1, 2, 4 (no backup documentation was produced), 5 (the returns you produced were missing for 2021 the W-2s, 1099s, Form 8962, Form 1098, state and local real estate tax information, the Capital Loss Carryover Worksheet, page 1 of Schedule E, and Schedule K-1;   2017 – W-2s, Net Operating Loss Statement (p.1), Form 8962, depreciation calculations, Form 6198 and 8582, Schedule K-1, and return not dated); 2018 – no W-2s, Net operating loss statement (p.2), Capital Gains form(s) p3, line 11, unrecaptured Section 1250 Gain Worksheet, Schedule D worksheet, Depreciation Expense calculation and K-1 – also not signed/dated; 2019 No W-2s, Form 8995 (-A), Form 8962, Form 8880,  and Schedules E and K-1; also refers twice to an IRA/Retirement Savings not disclosed; 2020 – no W-2, 1099s, Forms 8962, 1098, Capital Loss Carryover Worksheet, K-1  - not dated by CPA ); 7, 8, 10 (Debtor Andy claims a loan on his schedules but no information was provided), 11 (nothing regarding multiple properties owned by Andy), 23 and 24 (no information was provided to support the creditors, accounts, amounts owed and communications), 27 (same issues as for 23 and 24)

The Tax Returns show an investment/loan in Poland but nothing regarding that was produced.

He also transferred real estate he owned personally – 2143 Wellington, #406, Chicago.

Because Joint Tax Returns were filed, the case law would also apply to Request 3.

Andy has access to the CPA and has to produce all those books and records.

Please provide full compliance by noon on Monday, December 12, 2022 so that Mr. Powroznik's subpoena deposition can proceed on 12/13/22. Otherwise I will have no choice but to file a motion to compel.

This is the second request for compliance.

*Kevin*

**Kevin K. McQuillan**
*McQuillan Law Office LLC*
1155 S. Washington St., Suite 202, Naperville, IL 60540
☎ Phone 630.355.5950 | Fax 630.596.0862 | ✉ kevin@mcq-law.com | 🖰 http://www.mcq-law.com

*Síochána trí Cheartas* – Peace through Justice

1

# EXHIBIT F

**kevin@mcq-law.com**

| | |
|---|---|
| **From:** | David Freydin <david.freydin@freydinlaw.com> |
| **Sent:** | Monday, December 12, 2022 12:30 PM |
| **To:** | kevin@mcq-law.com |
| **Subject:** | Re: FW: Bankruptcy of Andrzej Powroznik |
| **Attachments:** | K-1 2017 FOUXBUILD.pdf; DEPRECIATION REPORT 2017.pdf; FORM 8962 2017.pdf; K-1 2017 661 DRIFTWOOD.pdf; NET OPERATING LOSS STATEMENT.pdf; DEPRECIATION REPORT.pdf; K-1 2018.pdf; SCHEDULE D 2018.pdf; w2-ANDRZEJ--POWROZNIK.pdf; NET OPERATING LOSS STATEMENT 2018.pdf; CAPITAL LOSS CARRYOVER 2020.pdf; CAPITAL LOSS CARRYOVER.pdf; FORM 8962 2020.pdf; K-1 2020.pdf; W2 ANDRZEJ POWROZNIK 2020.pdf; FORM 8962 2021.pdf; K1 2021.pdf; W2 2021 ANDRZEJ POWROZNIK.pdf; 2143 W Wellington Sale (Barbara).pdf |

Good morning, Kevin:

Please find attached additional documents that the debtor was able to obtain.
Please clarify which investment in Poland you are referring to. Debtor does not recall any such investment
2143 W Wellington was owned by the LLC, Barbara Powroznik being the only member-manager (attached is the closing statement)

Thank you,

David

On Tue, Dec 6, 2022 at 4:49 PM kevin@mcq-law.com <kevin@mcq-law.com> wrote:

David:

The Production Response is grossly deficient.

As you know, a party is to produce anything within his custody, possession or control. The case law makes it clear that this includes documents in possession of third-parties, including income tax returns, a party's attorney, banks and lending institutions, etc.

This would apply to Requests 1, 2, 4 (no backup documentation was produced), 5 (the returns you produced were missing for 2021 the W-2s, 1099s, Form 8962, Form 1098, state and local real estate tax information, the Capital Loss Carryover Worksheet, page 1 of Schedule E, and Schedule K-1;   2017 – W-2s, Net Operating Loss Statement (p.1), Form 8962, depreciation calculations, Form 6198 and 8582, Schedule K-1,

# EXHIBIT G

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____NORTHERN_____ District of _____ILLINOIS_____

In re ___ANDRZEJ POWROZNIK_____     Case No. _____22-07859_____
           Debtor

                               Chapter _____7_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To:    BARBARA POWROZNIK
                   *(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| MCQUILLAN LAW OFFICE LLC<br>1155 S. Washington Street, Suite 202<br>Naperville, IL 60540 | December 13, 2022 at 2:00 pm |

The examination will be recorded by this method: _____Court Reporter_____

☒ *Production:* You, or your representatives, must also produce by November 30, 2022 the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

       See attached RIDER TO SUBPOENA

       The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

            CLERK OF COURT

                            OR

_____         _____
   *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____JEFF GERLICK_____ , who issues or requests this subpoena, are:

Kevin K. McQuillan of McQuillan Law Office LLC, 1155 S. Washington, Suite 202, Naperville, IL 60540 kevin@mcq-law.com
630-355-5950

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**RIDER TO SUBPOENA**

SCHEDULE OF ITEMS TO BE PRODUCED

I.   DEFINITIONS AND INSTRUCTIONS:

   a. See attached DEFINITIONS AND INSTRUCTIONS, **especially as to compliance with electronic information**
   b. The "Period of Time" when used herein shall mean January 1, 2017, through the date of your deposition. Such limitation only applies to the specific category/paragraph in which it is used.

II. MATERIALS TO BE PRODUCED

   1.   Any and all information regarding all bank, money or other financial accounts, including but not limited to, bank statements and check ledgers, savings statements, brokerage statements, IRA/401K/503(b), SEP and SIMPLE statements in the name of subpoenaed person, or in which the subpoenaed person has an equitable or legal interest, including any accounts held jointly or for the benefit of or by/for a trust. For all such information, provide all identifying information for each of the accounts, including name(s), account numbers, and amount of money currently held in each account. Provide monthly statements for each said account for the Period of Time.

   2.   All documents relating to any payments for wages or services received by the subpoenaed person for the Period of Time.

   3.   All sources of the monies:
   a. For the purchase of your current residence
   b. For payment of:
      i.   Any mortgages on that residence;
      ii.  All utilities and household expenses for the residence;
      iii. any remodeling of and/or improvements to and/or additions to that residence.

   4.   An accounting of all your monthly expenses and the source of their payment.

   5.   Copies of all tax returns with all schedules and attachments for the Period of Time.

   6.   All documents regarding any trusts of which you have been a beneficiary and/or a trustee or in which you have or had an interest.

   7.   All documents relating to any remodeling of and/or improvements to and/or additions to 661 Driftwood, Northbrook, IL, including but not limited to landscaping, the driveway, a swimming pool, and the house itself. This includes the value/cost of the work itself and the source of the funds used to pay for such work, including details of any labor and materials.

8.      Records or reports of all distributions from any LLC, dividends from any corporation and/or loans from any LLC, corporation or other entity for the Period of Time.

9.      A complete list of all Safe Deposit Boxes and their contents, in which the subpoenaed person has or had an equitable or legal interest for the Period of Time.

10.      Any and all documents (a) relating to any loan from you to any entity or individual; or (b) relating to any money owed to you by anyone for any reason.

11.      Any and all documents relating to any transfers of property, whether personal, real or otherwise, from you to any entity or individual.

12.      Any and all documents relating to any entities in which you are or were a member, manager, stockholder, officer, director, partner, investor or have/had any interest, legal or equitable.

13.      All information regarding any and all real property held, bought, sold, transferred, exchanged, leased, deeded or otherwise acquired, lost or otherwise maintained a) by, or on behalf of the subpoenaed person, b) or to which the subpoenaed person has or had an equitable or legal interest in, or c) owned by any entity of which the subpoenaed person is a member, manager, stockholder, officer, director, partner, investor or has any interest, legal or equitable.

14.      Any and all documents relating to any attempts to sell, lease, or transfer, or the sale, lease, or transfer, of real property referred to in ¶ 8 above, including, but not limited to, documents relating to the listing for sale, offers to purchase, contracts to sell or the closing of any sale.

15.      Copies of any documents for the real property referred to in ¶ 8 above.

16.      Any and all communications and documents relating to any change in ownership relating to any real property referred to in ¶ 8 above.

17.      Any and all documents relating to any and all transfers of any and all property (personal, real or otherwise) to you or into trust for your benefit from any third party.

18.      An accounting of any amounts you may have received from the sale or disposition of any assets owned by you.

19.      All documents relating to any liens or security interests claimed in any of your assets.

20.      Any and all communications between you and any other individual or entity referring or relating to any turnover of assets from any third person or entity to you.

21.      Any and all documents relating to monies that you are or may be entitled to pursuant to any litigation proceeding or from a decedent, a decedent's estate or a decedent's or other trust.

22.      A list of all physical assets (i.e., computers, machinery, tools, jewelry, etc.) not in the nature of real estate, regardless of their present location, in which the subpoenaed person has an equitable or legal interest.

23.    Any and all communications between you and any other individual or entity referring or relating to any loans, mortgages, assets, debts or finances.


24.    A list of all your creditors, and any and all documents relating to or referring to any of your creditors, and/or concerning any and all communications between you and any creditor.

25.    A copy of your driver's license, passport, and social security card.

26.    All personal financial statements submitted by you to any individual or entity for the Period of Time.

27.    Copies of all credit and bank card/ATM cards and related statements for the Period of Time.

28.    Copies of all Bylaws, partnership agreements, member/manager agreements, and/or operating agreements where the subpoenaed person has been a party, a shareholder, manager, officer, member, director or a holder of any interest, legal or equitable.

29.    Copies of profit and loss statements, balance sheets, income statements, cash flows or other financial statements for yourself personally or jointly with another and any entities identified above.

30.    Any and all documents and communication relating to assets or distributions received from any corporations, partnerships, LLCs, sole proprietorships and/or any business entity.

31.    Any and all documents that relate to assets or bank accounts held by any entities identified above, including but not limited to, sole proprietorships, corporations, partnerships, LLCs and/or business entities in which you have or had an interest.

32.    Copies of any retainer agreements for legal services, any invoices issued for legal services, and copies of any drafts or electronic payments paid in exchange for legal services.

### INSTRUCTIONS AND DEFINITIONS

**PLEASE NOTE THAT THE TERM DOCUMENTS AS USED HEREIN INCLUDES THE TERM INFORMATION, AS USED IN A BROAD SENSE, AND INCLUDES ANYTHING THAT ONE MAY SEE, OR HEAR, OR GENERATE FROM A COMPUTER. IT INCLUDES PAPER RECORDS AS WELL AS COMPUTERIZED RECORDS AND ELECTRONIC MESSAGES, INCLUDING VOICE MAIL, TEXT MESSAGES AND E-MAIL FOR EXAMPLE.**

    A. The words "document" and "documents" may mean any kind of written, printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts and both sides thereof, and including but not limited to: papers, books, periodicals, pamphlets, newspaper articles or clippings, publications, sheets, book entries, accounts, letters, photographs, objects, tangible things, correspondence, telegraphs, cables, telex messages, memoranda, notes, data notations, work-papers, confirmations, monthly statements, opinions, records, reports drawings, blueprints, sketches, models, summaries, plans, specifications, formulae, studies, forecasts, projections, analyses, evaluations, transcripts, minutes, reports and recordings of telephone or other conversations and of interviews and conferences, affidavits, statements, contracts, offers, orders, invoices, checks, drafts, vouchers, ledgers, journals, books or records of account, summaries of accounts, bills, receipts, balance sheets, income statements, questionnaires, answers to questionnaires, statistical records, desk calendars, appointment books, diaries, expense reports, schedules, lists, indexes, tabulations, calculations, charts, graphs, surveys, renderings, diagrams, photographs, recordings, films, microfilms, all other records or information kept by electronic,

photographic, mechanical or other means, and things similar to any of the foregoing however denominated, whether currently in existence or already destroyed.

B. The party shall produce original copies of all requested documents and all copies thereof that bear any mark or notation not present on the original. In all cases where originals or non-identical copies are not available, "document" or "documents" also mean identical copies of original documents and non-identical copies thereof.

C. With respect to any document responsive hereto as to which you wish to assert a claim or privilege, you shall submit a list identifying each such document by stating its date, its signer or signers if signed, each person who participated in its preparation, the addressee or addressees, the person or persons by whom it was received, the general subject matter thereof, the present or last known location and custodian of the original of the document (or, if that is unavailable, the most legible copy thereof), and the basis for your claim of privilege with respect thereto.

D. With respect to any document responsive hereto which was, but is no longer in your possession or subject to your control, you shall submit a statement setting forth as to each what disposition was made of it.

E. Documents and tangible things are to be produced separately, as far as reasonably practical, according to each of the numbered group of the documents produced the paragraph to which the group is responsive. If a document is responsive to more than one paragraph of this request, it need only be produced once.

Case 22-07859   Doc 32   Filed 10/28/22   Entered 10/28/22 13:09:05   Desc Main
Document   Page 1 of 1
Page 43 of 69

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                                    )          BK No.:  22-07859
Andrzej Powroznik,                        )
                                          )          Chapter:  7
                                          )          Honorable A. Benjamin Goldgar
                                          )
                                          )          Lake County
                  Debtor(s)               )

**ORDER GRANTING MOTION FOR LEAVE TO CONDUCT RULE 2004 EXAMINATIONS**

This matter coming before the court on the motion of Jeff Gerlick for to conduct Rule 2004 examinations, due notice having been given, and the court being fully advised, IT IS HEREBY ORDERED:

The motion is granted. Jeff Gerlick may take the Rule 2004 examinations of Andrzej Powroznik and Barbara Powroznik.

Enter:

Honorable A. Benjamin Goldgar
United States Bankruptcy Judge

Dated:  October 28, 2022

# EXHIBIT H

ARDC 1765817

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

JEFF GERLICK,

**Plaintiff,**

v.

**ANDY POWROZNIK, and**
**BARBARA POWROZNIK,**
**Defendants.**

Case No.      22CH 00000130

### BARBARA POWROZNIK'S OBJCTIONS AND RESPONSE TO PLAINTIFF'S
### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant BARBARA POWROZNIK, pursuant to Illinois Supreme Court Rule 214 hereby submits her OBJRECTIONS and RESPONSES to Plaintiff's Request to Produce served upon him:

### GENERAL AND CONTINUING OBJECTIONS

1.      Defendant OBJECTS to the Plaintiff's Document Requests in their entirety because they improperly seek information which are not "relevant to the subject matter involved in the pending action" as required by Rules 201 and 214, have no relevance or connection to the allegations in the Complaint and are not calculated to lead to any relevant evidence and are simply submitted for the improper purpose of harassment and to impose an undue financial burden upon Defendant.

2.      Defendant OBJECTS to the Plaintiff's Definitions and Instructions to the extent which they seek to impose obligations beyond those imposed by the Illinois Code of Civil Procedure and the Illinois Supreme Court Rules.

3.      Defendant also OBJECTS, on the grounds of attorney client privilege, to all requests for the production and disclosure of communications between Defendant and his attorneys, including but not limited to Herman J. Marino.  Further, Defendant OBJECTS, on the grounds of the attorney client work product privilege, to all requests which seek information or

Page **1** of **10**

documents that can only come from the production of work product (both opinion work product and ordinary work product) of the counsel for the Defendant. Such information is immune from discovery, including but not limited to information that would be derived from documents prepared by Herman J. Marino in anticipated or during the course of this litigation and statements taken from witnesses by the office of Herman J. Marino, since they seek to invade the attorney-client/work-product privilege by through disclosure of matters perpetuated by Plaintiff counsel's work product.

4.      Defendant also OBJECTS on the grounds that these requests are vague and ambiguous and, as to its requests for documents, do not request information pertaining to "specified documents" and do not seek fact but seek legal theories and conclusions of law.

5.      These Responses are made without in any way waiving or intending to waive, but reserves: (a) all questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose, at any trial or hearing in this matter or in any related or subsequent action or proceeding, of any of the documents produced hereunder or the subject matter thereof; (b) the right to object on any ground to the use of these answers hereunder or the subject matter thereof at trial or hearing in this or in any related or subsequent action or proceeding; (c) the right to object on any ground at any time to a demand for further answers; (d) the right at any time to revise, supplement, correct or add to these answers; (e) documents produced herein are being produced without prejudice to Defendant' right to rely or use at trial subsequently discovered documents, or documents omitted from this discovery request as a result of mistake, error, oversight, or inadvertence.

6.      Defendant does not intend to make any incidental or implied admissions by responding to these document requests and the only admissions to be drawn from such document production, if any, shall be expressed. Similarly, these responses to the document requests do not

constitute admissions that Plaintiff accepts or admits to the existence of any facts set forth or

assumed by the underlying document requests or that such response constitutes admissible

evidence.

7.      These Responses do not constitute a waiver of Defendant's general or specific

objections to any particular document request.

8.      These general objections are incorporated into each of the Objections and

Responses set forth below.

## DOCUMENT REQUESTED

1.      Any and all information regarding all bank, money or other financial accounts,
including but not limited to, bank statements and check ledgers, savings statements, brokerage
statements, IRA/401K/503(b), SEP and SIMPLE statements in the name of subpoenaed person, or
in which the subpoenaed person has an equitable or legal interest, including any accounts held
jointly or for the benefit of or by/for a trust. For all such information, provide all identifying
information for each of the accounts, including name(s), account numbers, and amount of money
currently held in each account. Provide monthly statements for each said account for the Period of
Time.

**RESPONSE:** Defendant has produced bank statement issued by Performance/PNC Bank
(account -6856) for the periods ended 2/28/18, 1/31/22, 4/8/22, 6/8/22, 9/8/22,
8/8/22; mortgage statement issued by Cooper Mortgage dated 7/5/22, and bank
statements issued by CITI bank (Account -8557) for the period 12/31/21, 1/31/22,
2/28/22, 3/31/22, 9/30/22.

Defendant has no other documents in her possession, custody or control as fairly
described in this request.

2.      All documents relating to any payments for wages or services received by the
subpoenaed person for the Period of Time.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request

3.      All sources of the monies:
   a.   For the purchase of your current residence
   b.   For payment of:
        i.   Any mortgages on that residence;
        ii.  All utilities and household expenses for the residence;

       iii. any remodeling of and/or improvements to and/or additions to that residence.

**RESPONSE:** Defendant has produced bank statement issued by Performance/PNC Bank (account -6856) for the periods ended 2/28/18, 1/31/22, 4/8/22, 6/8/22, 9/8/22, 8/8/22; mortgage statement issued by Cooper Mortgage dated 7/5/22, and bank statements issued by CITI bank (Account -8557) for the period 12/31/21, 1/31/22, 2/28/22, 3/31/22, 9/30/22.

In addition, upon entry of protective order, Defendant will produce her income tax returns (form 1040) for the periods ended 2016, 2017, 2018, 2019, 2020,and 2021 which show the amount pad for mortgages as requested in items 3(b)(i).

Defendant has produced the RESPA closing statement issued by CTT on March 17, 2017 which is the only document she has in her possession or control that is fairly descried in request 3(a) and 3(b)(i).

Defendant has no documents fairly described in request number 2(b)(ii) or 2(b)(iii) in her possession, custody or control

4.     An accounting of all your monthly expenses and the source of their payment.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request. Specifically, Defendant has no "accounting" of her monthly expenses and Rule 214 imposes no obligation to develop a document that does not exist. She is only required to produce document in her possession, custody or control.

5.     Copies of all tax returns with all schedules and attachments for the Period of Time.

**RESPONSE:** Upon entry of protective order, Defendant will produce her income tax returns (form 1040) for the periods ended 2016, 2017, 2018, 2019, 2020,and 2021. Defendant has no other document fairly described in this request in her possession, custody or control

6.     All documents regarding any trusts of which you have been a beneficiary and/or a trustee or in which you have or had an interest.

**RESPONSE:** A copy of the Andrew Powroznik and Barbara Powroznik Living Trust dated March 17, 2017 has been produced. Defendant has no other document fairly described in this request in her possession, custody or control

7.     All documents relating to any remodeling of and/or improvements to and/or additions to 661 Driftwood, Northbrook, IL, including but not limited to landscaping, the driveway, a swimming pool, and the house itself. This includes the value/cost of the work itself and the source of the funds used to pay for such work, including details of any labor and materials.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request.

8.    Records or reports of all distributions from any LLC, dividends from any corporation and/or loans from any LLC, corporation or other entity for the Period of Time.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request.

9.    A complete list of all Safe Deposit Boxes and their contents, in which the subpoenaed person has or had an equitable or legal interest for the Period of Time.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request.

10.    Any and all documents (a) relating to any loan from you to any entity or individual; or (b) relating to any money owed to you by anyone for any reason.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request.

11.    Any and all documents relating to any transfers of property, whether personal, real or otherwise, from you to any entity or individual.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request.

12.    Any and all documents relating to any entities in which you are or were a member, manager, stockholder, officer, director, partner, investor or have/had any interest, legal or equitable.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request.

13.    All information regarding any and all real property held, bought, sold, transferred, exchanged, leased, deeded or otherwise acquired, lost or otherwise maintained a) by, or on behalf of the subpoenaed person, b) or to which the subpoenaed person has or had an equitable or legal interest in, or c) owned by any entity of which the subpoenaed person is a member, manager, stockholder, officer, director, partner, investor or has any interest, legal or equitable.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request.

14.    Any and all documents relating to any attempts to sell, lease, or transfer, or the sale, lease, or transfer, of real property referred to in ¶ 8 above, including, but not limited to, documents relating to the listing for sale, offers to purchase, contracts to sell or the closing of any sale.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request.

15.    Copies of any documents for the real property referred to in ¶ 8 above.

**RESPONSE:** Upon due inquiry, other than the CTT closing statement, Defendant has no other documents fairly described in this request.

16.    Any and all communications and documents relating to any change in ownership relating to any real property referred to in ¶ 8 above.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request.

17.    Any and all documents relating to any and all transfers of any and all property (personal, real or otherwise) to you or into trust for your benefit from any third party.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request.

18.    An accounting of any amounts you may have received from the sale or disposition of any assets owned by you.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request. Specifically, Defendant has no "accounting" of her monthly expenses and Rule 214 imposes no obligation to develop a document that does not exist. She is only required to produce document in her possession, custody or control.

19.    All documents relating to any liens or security interests claimed in any of your assets.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request.

20.    Any and all communications between you and any other individual or entity referring or relating to any turnover of assets from any third person or entity to you.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request.

21.    Any and all documents relating to monies that you are or may be entitled to pursuant to any litigation proceeding or from a decedent, a decedent's estate or a decedent's or other trust.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request.

22.    A list of all physical assets (i.e., computers, machinery, tools, jewelry, etc.) not in the nature of real estate, regardless of their present location, in which the subpoenaed person has an equitable or legal interest.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request. Specifically, Defendant has no "list" of physical assets and Rule 214 imposes no obligation to develop a document that does not exist. She is only required to produce document in her possession, custody or control.

23.    Any and all communications between you and any other individual or entity referring or relating to any loans, mortgages, assets, debts or finances.

Page **6** of **10**

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request

    24.     A list of all your creditors, and any and all documents relating to or referring to any of your creditors, and/or concerning any and all communications between you and any creditor.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request. Specifically, Defendant has no "list" of her creditors and Rule 214 imposes no obligation to develop a document that does not exist. She is only required to produce document in her possession, custody or control.

    25.     A copy of your driver's license, passport, and social security card.

**OBJECTION:**      Defendant OBJECTS to this request which is not relevant or admissible and not calculated to lead to relevant evidence. Further the request seeks production of documents protected under the attorney-client privilege.

    26.     All personal financial statements submitted by you to any individual or entity for the Period of Time.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request

    27.     Copies of all credit and bank card/ATM cards and related statements for the Period of Time.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request

    28.     Copies of all Bylaws, partnership agreements, member/manager agreements, and/or operating agreements where the subpoenaed person has been a party, a shareholder, manager, officer, member, director or a holder of any interest, legal or equitable.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request

    29.     Copies of profit and loss statements, balance sheets, income statements, cash flows or other financial statements for yourself personally or jointly with another and any entities identified above.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request

    30.     Any and all documents and communication relating to assets or distributions received from any corporations, partnerships, LLCs, sole proprietorships and/or any business entity.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request

31.     Any and all documents that relate to assets or bank accounts held by any entities identified above, including but not limited to, sole proprietorships, corporations, partnerships, LLCs and/or business entities in which you have or had an interest.

**RESPONSE:** Upon due inquiry, Defendant has no documents fairly described in this request

32.     Copies of any retainer agreements for legal services, any invoices issued for legal services, and copies of any drafts or electronic payments paid in exchange for legal services.

**OBJECTION:**        Defendant OBJECTS to this request which is not relevant or admissible and not calculated to lead to relevant evidence. Further the request seeks production of documents protected under the attorney-client privilege.

Respectfully submitted
**BARBARA POWROZNIK, Defendant**

By: _____s/_Herman J. Marino_____
                        One of her attorneys

Herman J. Marino Ltd., P.C.
Attorney for Defendant
205 North Michigan Avenue, Suite 810
Chicago, Illinois.  60601
312-347-9990        //        312-347-9992 (FAX)
hjmarino@marinotaxlaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that these OBJECTIONS and ANSWERS to Plaintiff's Request to Produce was served upon the following counsel of record on November 7, 2022:

Kevin K. McQuillan
1155 South Washington Street, Suite 202
Naperville, Il. 60540
630-355-5950
kevin@mcq-law.com


By:    s/s Herman J. Marino
Herman J. Marino Ltd., P.C.

Herman J. Marino Ltd., P.C.
Attorney for Defendant
205 North Michigan Avenue, Suite 810
Chicago, Ill. 60604
(312) 347-9990
ARDC No 1765817
hjmarino@marinolaw.net

# EXHIBIT I

| | |
|---|---|
| **From:** | kevin@mcq-law.com |
| **Sent:** | Tuesday, December 6, 2022 5:20 PM |
| **To:** | Herman J. "Hank" Marino (hjmarino@marinolaw.net) |
| **Subject:** | Gerlick v. Powroznik |

**Importance:**        High

The Production Response is grossly deficient.

As you know, a party can be compelled to produce anything within his custody, possession or control. This includes documents in possession of third-parties, including income tax returns, a party's attorney, banks and lending institutions, title companies, etc.

As to Requests: 1 (incomplete and spotty – Plaintiff is not required to subpoena such records. Barbara is required to produce all.

Request 5: Andy produced 2017-2021. Here are the issues - (missing for 2021 the W-2s, 1099s, Form 8962, Form 1098, state and local real estate tax information, the Capital Loss Carryover Worksheet, page 1 of Schedule E, and Schedule K-1;   2017 – W-2s, Net Operating Loss Statement (p.1), Form 8962, depreciation calculations, Form 6198 and 8582, Schedule K-1, and return not dated); 2018 – no W-2s, Net operating loss statement (p.2), Capital Gains form(s) p3, line 11, unrecaptured Section 1250 Gain Worksheet, Schedule D worksheet, Depreciation Expense calculation and K-1 – also not signed/dated; 2019 No W-2s, Form 8995 (-A), Form 8962, Form 8880,  and Schedules E and K-1; also refers twice to an IRA/Retirement Savings not disclosed; 2020 – no W-2, 1099s, Forms 8962, 1098, Capital Loss Carryover Worksheet, K-1  - not dated by CPA );

Are no credit card statements, communications, etc.

As to entities, in reviewing the incomplete tax returns provided by Andy Powroznik, there are multiple business Barbara did not respond regarding, including but not limited to Foxbuild, LLC; 661 Driftwood Investors, Inc.; MP LLC; 661 MP LLC T; 661 MP LLC M; 2143 MP LLC Z. None of the entity records or books were produced. Her occupation is listed as "Company Owner". Also there are no tax returns for any of the entities. And not documents requested by ¶ 28.

Response 8 is a false statement based on the tax returns. That would apply to ¶ 12 also.

And Response 13, 19, 23, 24, 26, 27, 29, 30 and 31 are also false and incomplete based on the tax returns, mortgages, etc. and the applicable case law regarding custody, possession and control.

As to properties, the title company and you would have all relevant information.

Barbara has access to the CPA and has to produce all those books and records.

Also, you as her/their attorney created many of the requested documents, but did not produce them, except for the Trust. And as to the Trust, only a pdf file was produced – the request covered documents in all formats so please produce the Microsoft Word for Microsoft 365 document for the Trust. In addition the response referred to a copy of the "Andrew Powroznik and Barbara Powroznik Living Trust ", but no such trust was produced.

In addition, ¶ 32 is relevant as you are listed as a creditor in the bankruptcy.

Please make full compliance by noon on Monday, 12/12/22. Otherwise I will have no choice but to file a motion to compel. If you want to avoid that, please call me to discuss.

*Kevin*

**Kevin K. McQuillan**
*McQuillan Law Office LLC*
1155 S. Washington St., Suite 202, Naperville, IL 60540

# EXHIBIT J

**kevin@mcq-law.com**

| | |
|---|---|
| **From:** | ifgolds@aol.com |
| **Sent:** | Monday, March 6, 2023 2:08 PM |
| **To:** | david.freydin@freydinlaw.com; kevin@mcq-law.com |
| **Cc:** | ifgcourt@aol.com; IL35@ecfcbis.com |
| **Subject:** | Re: Powroznik Bankruptcy |

David

I am closely following what Kevin is doing. If you need me to confirm his requests please consider thjis confirmation that I am looking at these issues as well .

Thank you

Ilene Goldstein

**Ilene F. Goldstein**
Law Offices of Ilene F. Goldstein, Chartered
950 Skokie Blvd
Suite 211
Northbrook, IL 60062
Telephone: 847-562-9595
Telefax: 847-564-8402
Email: ifgolds@aol.com

In a message dated 3/6/2023 1:53:18 PM Central Standard Time, david.freydin@freydinlaw.com writes:

Kevin,

Per client, he is going to contact credit card companies  to obtain additional documents. I havent received any additional requests from Trustee Goldstein after we submitted the documents per her request following the 341 meeting.
I dont have the 2004 testimony transcript, but to the best of my recollection, most of the documents my client referenced would be in possession of his wife. If there are any other documents you need, or if you would client to continue with 2004 oral examination, please let me know, and I will reach out to my client.

Thank you,

David

On Thu, Mar 2, 2023 at 4:06 PM kevin@mcq-law.com <kevin@mcq-law.com> wrote:

David – attached is the email of 12/6/22 sent to you on 12/6/22 about deficiencies in your production, which you have had for almost three months now. If you had advised earlier the wrong email was attached I would have sent it although I should not have had to send anything again that you had already received.

1

Also attached is your 12/12/22 follow up response which was again grossly deficient.

At your client's dep he testified all his documentation was at home and he was on the road.

Even though I believe your client has "checked out" on discovery I'll give you until noon on Monday to get a response from him as to what he will do about producing what still missing per this email and regarding the info supplied about obtaining credit card statements.

It looks like the only way you or I or the Trustee are going to get anything from the debtor is per court order.

**Kevin**

**Kevin K. McQuillan**

*McQuillan Law Office LLC*

1155 S. Washington St., Suite 202, Naperville, IL 60540

☎ Phone 630.355.5950 | ✉ kevin@mcq-law.com |

Síochána trí Cheartas – **Peace through Justice**



2

This communication, along with any documents, files or previous e-mail messages attached to it, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. This communication does not form any contractual obligation on behalf of the sender or McQuillan Law Office LLC or establish an attorney-client relationship that has not been memorialized in a written Fee Agreement fully executed by all parties to such Agreement.

**From:** David Freydin <david.freydin@freydinlaw.com>
**Sent:** Thursday, March 2, 2023 2:24 PM
**To:** kevin@mcq-law.com
**Subject:** Re: Powroznik Bankruptcy

Hi Kevin,

Thank you for your email. I apologize for any misunderstanding, but as I havent heard from you after the deposition was concluded (or terminated due to our client's cell phone dying), I did not think to reach out.

Attached is the credit report requested.

Please advise what other documents you are seeking, and I will confer with my client. The attached email was addressed to Herman Marino, and I believe has to do with the 2004 examination of Barbara Poworozniak.

I recall that I emailed you some of the documents on December 12, pursuant to a similar email I received from you.

If you need to schedule another 2004 examination, please give me some dates and times and I will work with my client to have him present in a more professional setting.

Thank you,

David

On Mon, Feb 27, 2023 at 6:10 PM kevin@mcq-law.com <kevin@mcq-law.com> wrote:

David:

At the first part of Andy's deposition on December 13, 2022, you and your client indicated the following:

3

At the first part of Andy's deposition on December 13, 2022, you and your client indicated the following:

- You would send me a copy of his credit report – not done.
- He testified numerous times that records he needed to testify were back at his house (he was sitting in his car at a rest stop driving out east)

    o These include the records requested previously and detailed in my December 6, 2022, email (copy attached).

Nothing additional has been provided since the dep.

In reviewing his Petition he lists specific credit card numbers, dates opened and closed, and amounts, yet he produced nothing to support that information.

Also, as to his PNC account listed on his Petition, he produced nothing on that account. He only produced a few months of a PNC "Virtual Wallet Spend Statement" – Did not cover period requested.

The deposition could not be concluded as Mr. Powroznik's cell phone battery expired and he was disconnected from the Zoom proceeding.

This week 2e need to get the documents and at least set a date for the conclusion of Mr. Powroznik's dep. Otherwise I will have no choice but to file a motion to be heard on March 10, 2023.

I have been extremely patient but can not let him drag this matter out any longer.

If your client won't comply I will have no choice but to file an Adversary requesting his discharge as to my client be barred and/or any discharge be denied.

**Kevin**

# EXHIBIT K

ARDC NO 1765817

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

JEFF GERLICK,
Plaintiff,

Case No.      22CH 00000130

v.
ANDY POWROZNIK, and
BARBARA POWROZNIK,
Defendants.

### <u>BARBARA POWROZNIK'S  RULE 213(f) DISCLOSURES</u>

BARBARA POWROZNIK (hereinafter "Defendant"), by and through her attorneys,

HERMAN J. MARINO, and pursuant to Illinois Supreme Court Rule 213(f), hereby discloses

her fact witnesses and independent expert witnesses pursuant to Illinois Supreme Court 213(f):

1. **<u>Lay Witnesses</u>**

   a. **Defendant Barbara Powroznik.**

   Barbara will testify to all facts and issues (i) raised in her Answer and in Plaintiff's
   Complaint or relevant to these proceedings and (ii) is expected to testify consistent with any
   deposition testimony given by her in this case.

   In addition, she is expected to testify as to all facts relating to any of the following:
   Ownership of 791 Hunter Lance, Lake Forest, Illinois ("791 Hunter Lane"); any issues
   pertaining to the sale/purchase, financing and closing of 791 Hunter Lance; sources of a
   payment for improvements to 791 Hunter Lane; sources of payment for purchase of 791
   Hunter Lane.

   In addition she may testify as to all facts relating to any of the following: Ownership of 661
   Driftwood, Northbrook, Illinois ("661 Driftwood"); any issues pertaining to the
   sale/purchase, financing and closing of 661 Driftwood; Sources of payment made to Gerlick;
   sources of a payment for improvements to 661 Driftwood, Northbrook, Illinois; sources of
   payment for purchase of 661 Driftwood; any issues pertaining to Barbara's trusts, or the
   following entities: 661 MP LLC M and 661 MP LLCT; and all issues as to how title to 661
   Driftwood was obtained; and al document sought by Barbara from Plaintiff in her result to
   produce upon Plaintiff; and any documents produced by Barbara to Plaintiff.

**a.   Defendant Andrew Powroznik.**

Andrew Powroznik is expected to all facts and issues (i) raised in Barbara's Answer to the Plaintiff's Complaint and in Plaintiff's Complaint or that are relevant to these proceedings and (ii) is expected to testify consistent with any deposition testimony given by him in this case or in his pending bankruptcy proceedings, 2022 B 07859.

In addition, he is expected to testify as to all facts relating to any of the following: Ownership of 791 Hunter Lance, Lake Forest, Illinois ("791 Hunter Lane"); any issues pertaining to the sale/purchase, financing and closing of 791 Hunter Lance; sources of a payment for improvements to 791 Hunter Lane; sources of payment for purchase of 791 Hunter Lane.

In addition he may testify as to all facts relating to any of the following: Ownership of 661 Driftwood, Northbrook, Illinois ("661 Driftwood"); any issues pertaining to the sale/purchase, financing and closing of 661 Driftwood; Sources of payment made to Gerlick; sources of a payment for improvements to 661 Driftwood, Northbrook, Illinois; sources of payment for purchase of 661 Driftwood; any issues pertaining to Barbara's trusts, or the following entities: 661 MP LLC M and 661 MP LLCT; and all issues as to how title to 661 Driftwood was obtained; and al document sought by Barbara from Plaintiff in her result to produce upon Plaintiff; and any documents produced by Barbara to Plaintiff.

**b.   Plaintiff Jeff Gerlick.**

Plaintiff will be called as an adverse witness and is expected to testify to all facts and issues (i) raised in Barbara's Answer to the Plaintiff's Complaint and in Plaintiff's Complaint or that are relevant to these proceedings and (ii) is expected to testify consistent with any deposition testimony given by him in this case or in Andrew Powroznik's bankruptcy proceedings..

In addition he may also testify as to all facts relating to any of the following: Ownership of 661 Driftwood, Northbrook, Illinois ("661 Driftwood"); any issues pertaining to the sale/purchase, financing and closing of 661 Driftwood; Sources of payment made to Gerlick; sources of a payment for improvements to 661 Driftwood, Northbrook, Illinois; sources of payment for purchase of 661 Driftwood; any issues pertaining to Barbara's trusts, or the following entities: 661 MP LLC M and 661 MP LLCT; and all issues as to how title to 661 Driftwood was obtained; and al document sought by Barbara from Plaintiff in her result to produce upon Plaintiff; and any documents produced by Barbara to Plaintiff.

**c.   Marta Powroznik.**

Marta will testify to all facts and issues within her knowledge (i) raised in Barbara's Answer to the Plaintiff's Complaint or in Plaintiff's Complaint or relevant to these proceedings and (ii) is expected to testify consistent with any deposition testimony given by her in this case.

In addition, she is expected to testify as to all facts relating to any of the following: Ownership of 791 Hunter Lance, Lake Forest, Illinois ("791 Hunter Lane"); any issues

pertaining to the sale/purchase, financing and closing of 791 Hunter Lance; sources of a payment for improvements to 791 Hunter Lane; sources of payment for purchase of 791 Hunter Lane.

In addition she may testify as to all facts relating to any of the following: Ownership of 661 Driftwood, Northbrook, Illinois ("661 Driftwood"); any issues pertaining to the sale/purchase, financing and closing of 661 Driftwood; Sources of payment made to Gerlick; sources of a payment for improvements to 661 Driftwood, Northbrook, Illinois; sources of payment for purchase of 661 Driftwood; any issues pertaining to Barbara's trusts, or the following entities: 661 MP LLC M and 661 MP LLCT; and all issues as to how title to 661 Driftwood was obtained; and al document sought by Barbara from Plaintiff in her result to produce upon Plaintiff; and any documents produced by Barbara to Plaintiff.


**d.  Magdalena Powroznik.**

Magdalena may testify to all facts and issues within her knowledge (i) raised in Barbara's Answer to the Plaintiff's Complaint or in Plaintiff's Complaint or relevant to these proceedings and (ii) is expected to testify consistent with any deposition testimony given by her in this case.

In addition, she may also testify as to all facts within her knowledge relating to any of the following: Ownership of 791 Hunter Lance, Lake Forest, Illinois ("791 Hunter Lane"); any issues pertaining to the sale/purchase, financing and closing of 791 Hunter Lane; sources of a payment for improvements to 791 Hunter Lane; sources of payment for purchase of 791 Hunter Lane.

In addition she may testify as to all facts within her knowledge relating to any of the following: Ownership of 661 Driftwood, Northbrook, Illinois ("661 Driftwood"); any issues pertaining to the sale/purchase, financing and closing of 661 Driftwood; Sources of payment made to Gerlick; sources of a payment for improvements to 661 Driftwood, Northbrook, Illinois; sources of payment for purchase of 661 Driftwood; any issues pertaining to Barbara's trusts, or the following entities: 661 MP LLC M and 661 MP LLCT; and all issues as to how title to 661 Driftwood was obtained; and al document sought by Barbara from Plaintiff in her result to produce upon Plaintiff; and any documents produced by Barbara to Plaintiff.


2.    **Rule 213(f)(2) INDEPENDENT EXPERT WITNESSES**

Defendant does not presently expect to retain any Independent expert witnesses in this case. Defendant reserves the right to retain an independent expert witness in rebuttal to any testimony of any such expert witness presented by Plaintiff. Investigation continues.

3.     **Rule 213(f)(3) CONTROLLED EXPERT WITNESSES**

Defendant does not presently expect to retain any Independent expert witnesses in this

case. Defendant reserves the right to retain an independent expert witness in rebuttal to any

testimony of any such expert witness presented by Plaintiff. Investigation continues.

**GENERAL DISCLOSURES**

1.  Petitioner reserves the right to call any witness disclosed or called to testify by Plaintiff

    for

any purpose on any subject

2.  Defendant reserves the right to supplement or amend these disclosures prior to trial.

Dated: October 28, 2022

Respectfully submitted,

**BARBARA POWROZNIK, Defendant**

/s/ _____ Herman J. Marino _____
Herman J. Marino

HERMAN J. MARINO, LTD., P.C.
Herman J. Marino, ARDC No 1765817
Attorney for Defendant
205 North Michigan Avenue, Suite 810
Chicago, Illinois 60601
(312) 347-9990
hjmarino@marinotaxlaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that these 213(f) Disclosures served upon the following counsel of record on October 28, 2022, by email transmission:

Kevin K. McQuillan
1155 South Washington Street, Suite 202
Naperville, Il. 60540
630-355-5950
kevin@mcq-law.com

By:    s/s Herman J. Marino _____
        Herman J. Marino Ltd., P.C.

Herman J. Marino Ltd., P.C.
Attorney for Defendant
53 West Jackson Boulevard, Suite 1337
Chicago, Ill. 60604
(312) 347-9990
ARDC No 1765817
hjmarino@marinolaw.net

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

JEFF GERLICK,
Plaintiff,                                          Case No.      22CH 00000130

v.

ANDY POWROZNIK, and
BARBARA POWROZNIK,
Defendants.

### VERIFICATION BY CERTIFICATION.

The undersigned BARBARA POWROZNIK, first sworn under oath and pursuant
to the Illinois Code of Civil Procedure, 735 ILCS 5/1-109 state that I have read the
foregoing "RULE 213(f) DISCLOSURES" and state that the answers, denials, claims,
allegations, and statements contained therein are true except those made upon
information and belief, which are made based upon my best knowledge investigation and
inquiry.

_____
BARBARA POWROZNIK

Herman J. Marino Ltd., P.C.
Attorney for Defendant
205 North Michigan Avenue, Suite 810
Chicago, Ill. 60601
312-347-9990
ARDC No. 1765817
hjmarino@marinolaw.net

1