**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| ANDREJ POWROZNIK | ) | Case No. 2022-07859 |
| | ) | Hon. A. Benjamin Goldgar |
| Debtor | ) | |

## BARBARA POWROZNIK'S RESPONSE TO GERLICK'S MOTION FOR CONTEMPT

Defendant BARBARA POWROZNIK, who hereby submits her RESPONSE to the Motion for Contempt of Jeffrey Gerlick:

1. In connection with the present Bankruptcy case, on November 1, 2022 Gerick issued a 2004 subpoena with a rider attached. (See **Exhibit 1**).

2. Gerlick's claim that Barbara has produced no documents is a complete falsehood intended to deceive this Court.

3. During November Bara sent to Gerlick's counsel copies of the various documents listed in the Rider attached to the 2004 subpoena by email. Copies of the emails are attached hereto as **Group Exhibit 2** showing the following document were produced. Specifically:

    (a) On November 2, 2022 Barbara's counsel serviced Gerlick's counsel with copies of the following bank statements: CITI Group Bank stat for the period in 2018 and 2022 and PNC Checking account statement for May through July 2022. (See **Exhibit 3**)

    (b) On November 7, 2023 Barbara's counsel served Gerlick's counsel with copies of the following documents: CITI Bank statements for periods in 2022; a copy of the Powroznik Family Trust; copy of Barbara's Social Security Earnings statement. (See **Exhibit 4**)

    (c) December 12, 2022 Barbara's counsel served Gerlick's counsel with copies of the following documents; 2017 Tax Return and Form W-2; 2017 Depreciation Report;

    Form K-1 for 2022; Net Operating Loss Worksheet; Net Operating Loss statement. (See **Exhibit 5**)

4. On March 31, 2023 this Honorable Court ordered Barbara to make herself available for her 2004 examination on or before May 26, 2023.

5. On April 27, 2023, Barbara's counsel sent Gerlick's counsel an email offering to make her available for her 2004 Examination on 2 alternative dates: May 25 or May 26, prior to expiration of the deadlines set by this Court in its order of March 31, 2023. (See **Exhibit 6**)

6. To date Gerlick has not responded to that email and no date has been set for Barbara's 2004 Examination. Gerlick's claim that he advised an unnamed person that "he could not wait to proceed that late in the event Barbara produced new document during the examination" is false to the extent he is implying that conversation was with Herman Marino. (See M/Contempt, ¶5). Gerlick counsel never responded to Marino's email of April 27, 2023 and initiated no consultation or conference with Marino regarding the claim in his Motion for contempt as required by Bankruptcy Rule 7037.

7. Gerlick falsely claims that he needs Barbara to produce herself at an earlier time since compliance with the dates in the court's Order does not give him enough time to deal with further documents being disclosed during the examination. (See Gerlick M/Contempt, 5). This of course is complete nonsense.

8. Gerlick is not entitled to present his Motion for Contempt since no certification under Rule 7037 is included with his Motion The January 30, 2014, *Media House Prods. v. Amari (In re Amari)*, 505 B.R. 830, 832 (Bankr. N.D. Ill. 2014)(" The required "certification" by counsel serves the purpose of showing that moving counsel for discovery sanctions has

thoroughly attempted to obtain cooperation of the other side in discovery before seeking a sanction for failure to give requested discovery.

9. In any event, based upon the false statements in the Motion, Gerlick should not be entitled to sanctions or any other form of relied under Rule 9020 since the claim on the Motion that "Barbara has produced nothing" and that Gerlick counsel communicated his objection to the examination dates offered by Barbara" are blatant falsehoods intended to deceive this Court.

10. Furthermore, since Gerlick's motion does not compare what Barbara has produced to what was requested in the Rider to the 2004 Subpoena, and has not shown that any allegedly missing documents are within her possession, custody or control. Thus, there is no basis to conclude that Barbara is in contempt of this Court's Order of March 31, 2023.

11. It is obvious that the Motion is a simply a disguised attempt to seek a continuance because Gerlick's counsel is not ready to proceed with the 2004 examination.

12. This should come as no surprise to the Court, since Gerlick's counsel has obtained no fewer than 3 continuances of the due date for his adversary complaint (docket entries 23, 36, 44).

**WHEREFORE**, BARBARA POWROZNIK prays for entry of an Order DENYING The Motion for Contempt of Jeffrey Gerlick and or such other further relief as this Court deems just.

                                              Respectfully submitted
                                              **BARBARA POWROZNIK, Respondent**

                                              By: _____s/_Herman J. Marino_____
                                                                One of her attorneys

Herman J. Marino Ltd., P.C.
Attorney for Barbara Powroznik
205 North Michigan Avenue, Suite 810
Chicago, Illinois.  60601
312-347-9990         //      312-347-9992 (FAX)
hjmarino@marinotaxlaw.com